UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| McNEILUS TRUCK AND MANUFACTURING, INC., | Case No. 18 CV 0997 (PJS/KMM) |
| Plaintiff, | |
| v. | ORDER |
| SWAGELOK COMPANY and SAN DIEGO VALVE & FITTING CO., INC., | |
| Defendants. | |

Thomas B. Caswell, III and Nicholas A. Dolejsi, ZELLE LLP, for plaintiff.

John R. Christie, Thomas P. Mannion, and Yueh Leun Timothy Chai, LEWIS BRISBOIS BISGAARD & SMITH; John N. Bisanz, Jr. and David Bradley Olsen, HENSON & EFRON, P.A.; Jeffrey M. Embleton and Brendon P. Friesen, MANSOUR GAVIN LPA, for defendant Swagelok Company.

R. Stephen Tillitt and Marissa K. Linden, GISLASON & HUNTER LLP, for defendant San Diego Valve & Fitting Co., Inc.

Plaintiff McNeilus Truck and Manufacturing, Inc. ("McNeilus") manufactures commercial trucks. This action arises out of an explosion that occurred on January 11, 2017, at McNeilus's manufacturing facility. McNeilus alleges that the explosion was caused by the failure of a hose assembly designed and manufactured by defendant Swagelok Company ("Swagelok") and distributed by defendant San Diego Valve & Fitting Co., Inc. ("SDVF"). According to McNeilus, the hose assembly, which McNeilus had installed on a truck, came apart during the manufacturing process, leaking

compressed natural gas and causing the explosion. McNeilus brings claims of negligence, strict liability, and breach of express and implied warranties.

This matter is before the Court on the parties' motions for summary judgment:

*First*, defendants seek judgment against McNeilus on all of McNeilus's claims, contending that, as matter of law, McNeilus's own negligence was a superseding and the sole proximate cause of the explosion. For the reasons stated on the record at the November 13, 2019 hearing, there are genuine issues of material fact concerning whether McNeilus was negligent and whether any such negligence was a superseding cause of the explosion. Defendants' motion for summary judgment is therefore denied.

*Second*, McNeilus moves for a declaration that Swagelok and SDVF are joint venturers and that therefore their fault must be aggregated for purposes of applying Minnesota's comparative fault statute, Minn. Stat. § 604.01. As discussed at the hearing, there is a genuine issue of fact concerning whether Swagelok and SDVF share profits, a necessary element of a joint venture. *See Meyers v. Postal Fin. Co.*, 287 N.W.2d 614, 617 18 (Minn. 1979) (identifying the four elements of a joint venture, including "[s]haring of profits"). As for McNeilus's alternative argument that defendants are a joint enterprise: Because McNeilus did not raise this argument until its reply brief, defendants have not had an opportunity to respond to it. The Court therefore cannot grant judgment to McNeilus on the issue of joint enterprise. The Court also believes that it would be

preferable to develop a full trial record before deciding whether Swagelok and SDVF were involved in a joint venture, a joint enterprise, or both. McNeilus's motion is therefore denied.

*Finally*, McNeilus moves for summary judgment on defendants' affirmative defense of spoliation. This is a rather unusual summary judgment motion, as it is asking the Court to declare (months in advance of trial) that it will *not* give an adverse inference instruction to the jurors — an instruction that Swagelok and SDVF have not yet requested. (Swagelok and SDVF have not argued that any of McNeilus's claims or defenses should be dismissed as a sanction for spoliation; instead, Swagelok and SDVF appear to be contemplating requesting an adverse inference instruction at the close of trial.) As discussed at the hearing, the Court would not, based on its limited knowledge of the facts, give an adverse inference instruction to the jury. Even if the Court could find that McNeilus destroyed evidence that it knew was relevant to anticipated litigation — and McNeilus has a good argument that it did not — the Court cannot find on the current record that the *reason* why McNeilus destroyed evidence was "to suppress the truth." *Burris v. Gulf Underwriters Ins. Co.*, 787 F.3d 875, 879 (8th Cir. 2015). But the Court will defer a final decision as to jury instructions and any other spoliation remedies until after it has heard the evidence at trial. McNeilus's motion regarding defendants' spoliation defense is therefore denied without prejudice.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. Defendants' motion for summary judgment [ECF No. 41] is DENIED.

2. Plaintiff's motion for partial summary judgment [ECF No. 53] is DENIED.

Dated: November 14, 2019         s/Patrick J. Schiltz
                                 Patrick J. Schiltz
                                 United States District Judge